IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CATHERINE ST. MARTIN, DARLENE
COLOMBE, LORNA ANDERSON,
SHARON KAY LONGENBAUGH,
TERESA WALSH, BRENDA DAVIS,
and BILLIE MACDOWELL,

    Plaintiffs,

vs.                                                        Civ. No. 03-0637 JP/WDS

WYETH, INC. (Formerly Known as
American Home Products Corporation,
Wyeth Pharmaceuticals, A. H. Robins
Company, Inc., and Wyeth-Ayerst
Laboratories), and FRANCISCO M. ANAYA,

    Defendants.

MEMORANDUM OPINION AND ORDER

On June 26, 2003, the Plaintiffs filed Plaintiffs' Motion to Remand (Doc. No. 8).[1] The Plaintiffs also filed on June 26, 2003 Plaintiffs' Motion for Emergency/Expedited Hearing and/or Ruling on Motion to Remand (Doc. No. 7). Plaintiffs' Motion for Emergency/Expedited Hearing and/or Ruling on Motion to Remand will be denied as unnecessary and moot since the Court is ruling on the Motion to Remand at this time and there is no need to conduct a hearing to resolve the Motion to Remand. The Court further concludes that the Plaintiffs' Motion to Remand should be granted.

---

[1] The Plaintiffs filed an untimely Reply Memorandum in Support of Plaintiffs' Motion to Remand (Doc. No. 11) on August 5, 2003 and did not provide an explanation for the untimely filing. *See* D.N.M. LR-Cv 7.6(a). "The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete." D.N.M. LR-Cv 7.1(b). The Court notes that the Plaintiffs' Motion to Remand would nonetheless be granted without consideration of the Plaintiffs' reply. The Court, however, advises Plaintiffs to read the Local Rules to avoid any future procedural problems.

A. Background

The Plaintiffs, New Mexico citizens, filed this removed action in state court. The Plaintiffs allege that they sustained injuries caused by the use of the diet prescription drugs Pondimin (also known as fenfluramine) or Redux (also known as dexfenfluramine). Specifically, Plaintiffs St. Martin, Anderson, Walsh, Davis, and McDowell allegedly used only Pondimin while Plaintiffs Colombe and Longenbaugh allegedly used only Redux. The Plaintiffs sued Wyeth, Inc. (Wyeth), a Delaware corporation with its principal place of business in New Jersey, and Francisco Anaya, a New Mexico citizen and sales representative for Wyeth.

On May 27, 2003, the Defendants filed a Notice of Removal (Doc. No.1). The Defendants contend that this Court has federal diversity jurisdiction based on the requisite amount in controversy and complete diversity between the Plaintiffs and Wyeth. The Defendants argue that Defendant Anaya's New Mexico citizenship should be disregarded because he was fraudulently joined as a defendant.

The Defendants submitted an affidavit by Defendant Anaya in support of their fraudulent joinder argument. In his affidavit, Defendant Anaya stated the following:

> 5. That he has never been asked to nor did he ever promote, sell, market, distribute or provide any information on the drug Pondamin or Phentermine-either individually or in combination-to any New Mexico physician, clinic or health care provider.
>
> 6. That he never visited in any physician's office, clinic or medical office in any area north of Rio Rancho, New Mexico to promote, sell, market or distribute Redux or Phentermine-either individually or in combination.
>
> 7. That he has no knowledge as to whether he ever promoted, sold, marketed or distributed Redux to any New Mexico physician, clinic, or health care provider that, in turn prescribed that medication to either Plaintiff Colombe or Longenbaugh.

Exhibit B at 2 (attached to Notice of Removal).

The Plaintiffs argue in their Motion to Remand that Defendant Anaya was not fraudulently joined because their complaint alleges a viable cause of action against Defendant Anaya. Plaintiffs' Complaint for Personal Injuries and Other Damages (complaint) at ¶11 alleges the following with respect to Defendant Anaya:

> Defendant Anaya was an employee of Defendant Wyeth and marketed and sold these drugs on behalf of Defendant within the State of New Mexico, and said Defendant is therefore vicariously liable.  Anaya represented to physicians and pharmacies that the drugs were safe for their intended purpose.  Anaya either knew or should have known that the Pondimin and/or Redux when used individually or in combination with Phentermine could cause primary pulmonary hypertension, pulmonary hypertension, heart valve damage, neurotoxicity, an increase risk of stroke and other injuries.  Anaya's individual acts and/or omissions were a producing and/or proximate cause of the personal injuries and disabilities suffered by the Plaintiffs herein.

Moreover, the Plaintiffs note that Defendant Anaya contradicted his affidavit by stating in his answer to the complaint that he "provided adequate warnings to Plaintiffs' prescribing physicians."  Defendant Francisco M. Anaya's Answer to Plaintiffs' Complaint for Personal Injuries and Other Damages (Doc. No. 4), Affirmative Defenses at ¶12, filed May 28, 2003.

Should the Plaintiffs prevail on the Motion to Remand, the Plaintiffs ask the Court to award them attorney's fees and costs under 28 U.S.C. §1447(c).

B.  Discussion

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.), *cert. denied*, 355 U.S. 907 (1957).  The courts, therefore, are to strictly construe the removal statute and resolve all doubts against removal.  *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251

3

F.3d 1284, 1290 (10th Cir. 2001).

A removing party asserting fraudulent joinder "must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Couch v. Astec Industries, Inc.*, 71 F.Supp.2d 1145, 1147 (D.N.M. 1999)(citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956)). The burden on the removing party claiming fraudulent joinder is heavy. *Montano v. Allstate Indemnity*, 2000 WL 525592 **1 (10th Cir.). That burden of proof is met with clear and convincing evidence of fraudulent joinder. *See Smith v. Blockbuster Entertainment Corp.*, 100 F.3d 878, 880 (10th Cir. 1996). In addition, the federal courts can look beyond the pleadings to determine if the joinder is indeed fraudulent. *Smoot v. Chicago, R. I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)(citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

One instance of fraudulent joinder is "where a plaintiff cannot plead a cause of action against the non-diverse defendant...." *Couch*, 71 F.Supp.2d at 1147 (citing *Rogers v. Hartford Acc. & Indem. Co.*, 133 F.3d 309, 315 (5th Cir. 1998)). *See also Roe v. General American Life Ins. Co.*, 712 F.2d 450, 452 n* (10th Cir. 1983). That is the type of alleged fraudulent joinder in this case. To prove that type of fraudulent joinder, the removing party

> must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, [judges] must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. *[Judges] are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.*

*Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)(emphasis in original text; quotation omitted)(quoted in *Montano*, 2000 WL 525592 **1). "This standard is more exacting than that

4

for dismissing a claim under Fed. R. Civ. P. 12(b)(6)...." *Montano*, 2000 WL 525592 **2 (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992)). The plaintiff need not ultimately prevail on the claim against the non-diverse defendant to demonstrate that the non-diverse defendant was legitimately joined. *Couch*, 71 F.Supp.2d at 1147 (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). A plaintiff states a viable claim against a non-diverse defendant if there is some "factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Remand is required if any one of the claims against the non-diverse defendant is possibly viable. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 206 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984). In other words, "'[t]here must be a deducible bad faith purpose to defeat federal jurisdiction.'" *Couch*, 71 F.Supp.2d at 1147 (quoting *Updike v. West*, 172 F.2d 663, 665 (10th Cir.), *cert. denied*, 337 U.S. 908 (1949)).

    1. Alleged Use of Pondimin by Plaintiffs St. Martin, Anderson, Walsh, Davis, and McDowell

The Defendants argue first that Defendant Anaya was fraudulently joined as to Plaintiffs St. Martin, Anderson, Walsh, Davis, and McDowell because the Plaintiffs have failed to contradict Defendant Anaya's affidavit that "he has never been asked to nor did he ever promote, sell, market, distribute or provide any information on the drug Pondamin or Phentermine-either individually or in combination-to any New Mexico physician, clinic or health care provider." A plaintiff's failure to respond to an affidavit by a non-diverse defendant can support a finding that there is no reasonable basis in fact for pursuing a lawsuit against the non-diverse defendant. *See Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000)(court considered non-diverse

5

defendant's affidavit in light of the plaintiff's lack of evidence); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation,* 220 F.Supp.2d 414, 422 (E.D. Pa. 2002)(non-diverse doctors were fraudulently joined as to some plaintiffs when it was undisputed that they did not treat those plaintiffs); *Miller v. Home Depot, U.S.A., Inc.*, 199 F.Supp.2d 502, 508 (W.D. La. 2001)(fraudulent joinder found when plaintiff did not contest evidence that non-diverse defendant did not sell or make chemically treated wood acquired by named plaintiffs); *James v. Chase Manhattan Bank*, 173 F.Supp.2d 544, 552 (N.D. Miss. 2001)(fraudulent joinder found when plaintiff failed to contradict non-diverse defendant's evidence and complaint did not contain factual allegations showing a basis for recovery); *In re Rezulin Products Liability Litigation*, 133 F.Supp.2d 272, 281 (S.D. N.Y. 2001)(fraudulent joinder found when plaintiff failed to respond to sales representative's affidavit).  Although the Plaintiffs did not directly contradict Defendant Anaya's affidavit regarding Pondimin by producing opposing factual allegations made outside of the pleadings, the Plaintiffs nonetheless noted that Defendant Anaya's answer indicated that he adequately warned Plaintiffs' physicians about the diet drugs, presumably including Pondimin.  Resolving this factual dispute in favor of the Plaintiffs, the Court finds that the Defendants have not produced clear and convincing evidence that there is no reasonable factual basis upon which Plaintiffs St. Martin, Anderson, Walsh, Davis, and McDowell can prevail against Defendant Anaya.  Consequently, the Court concludes that Defendant Anaya was not fraudulently joined with respect to the claims brought by Plaintiffs St. Martin, Anderson, Walsh, Davis, and McDowell.

    2. Alleged Use of Redux by Plaintiffs Colombe and Longenbaugh

Second, the Defendants argue that the Plaintiffs fraudulently joined Defendant Anaya with respect to Plaintiffs Colombe and Longenbaugh because they failed to allege in the complaint 1) the physicians or health care providers who prescribed Redux to Plaintiffs Colombe and Longenbaugh, 2) whether Defendant Anaya marketed or sold Redux to Plaintiffs Colombe and Longenbaugh's physicians or health care providers, and 3) the location where Plaintiffs Colombe and Longenbaugh obtained their Redux prescriptions.  Admittedly, the complaint is not very fact specific.  The complaint, however, states a viable claim against Defendant Anaya by alleging that he marketed and sold Redux in New Mexico, he represented to physicians and pharmacies that the Redux was safe, he knew or should have known that the Redux was harmful, and that his actions or omissions proximately caused the personal injuries suffered by Plaintiffs Colombe and Longenbaugh.  Complaint at ¶11.

   Moreover, Defendant Anaya's affidavit does not necessarily contradict the allegations in the complaint with respect to Plaintiffs Colombe and Longenbaugh.  Defendant Anaya does not deny in his affidavit that he sold, promoted, marketed, or distributed Redux in New Mexico. Defendant Anaya merely states that he did not promote, sell, market or distribute Redux north of Rio Rancho, New Mexico.  In addition, Defendant Anaya does not deny in his affidavit that he promoted, sold, marketed or distributed Redux to physicians, clinics or health care providers who prescribed Redux to Plaintiffs Colombe or Longenbaugh.  Instead, Defendant Anaya states that he does not know whether he did so or not.  In any case, Defendant Anaya admits in his answer that he "provided adequate warnings to Plaintiffs' prescribing physicians."  Resolving these factual issues in favor of the Plaintiffs, the Court finds that the Defendants have not provided clear and

7

convincing evidence that Plaintiffs Colombe and Longenbaugh have failed to provide a reasonable factual basis for their claims against Defendant Anaya.

Even so, the Defendants further argue that Defendant Anaya cannot be held liable for the alleged wrongful conduct of his employer, Wyeth. In New Mexico, "an agent may be held individually liable for his own tortious acts, whether or not he was acting for a disclosed principal." *Kreischer v. Armijo*, 118 N.M. 671, 673, 884 P.2d 827, 829 (Ct. App. 1994)(citing *Restatement (Second) of Agency* §§348, 350 (1958)). *See also Stinson v. Berry*, 123 N.M. 482, 487, 943 P.2d 129, 134 (Ct. App. 1997), *cert. quashed*, 125 N.M. 148, 958 P.2d 106 (1998)("agents are liable for their own tortious acts, regardless of whether the principal is liable")*; Montano*, 2000 WL 525592 **3-4 (applying *Kreischer*, 118 N.M. at 673, 884 P.2d at 829 and *Stinson*, 123 N.M. at 487, 943 P.2d at 134). The Court, therefore, finds that there is at least a possibility under New Mexico law that Defendant Anaya can be individually liable for his alleged conduct in this lawsuit. Accordingly, Defendant Anaya was not fraudulently joined with respect to Plaintiffs Colombe and Longenbaugh.

    3.  Attorney's Fees and Costs

The Plaintiffs seek attorney's fees and costs under 28 U.S.C. §1447(c). When a case is improperly removed to federal court, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). An improper removal, however, does not automatically entitle a plaintiff to an award of attorney's fees and costs. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Although a plaintiff need not show bad faith in removing the case to federal court to be awarded attorney's fees and costs under §1447(c), the plaintiff must demonstrate that the removal was improper *ab*

*initio*. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997)(citing *Daleske v. Fairfield Communities, Inc.,* 17 F.3d 321, 324-25 (10th Cir.), *cert. denied*, 511 U.S. 1082 (1994)).  While awarding attorney's fees and costs is within the sound discretion of the court, "[m]otions for attorney fees are typically denied where the court determines that the removal was based on a colorable argument."  *Hale v. MasterSoft Intern. Pty. Ltd.*, 93 F.Supp.2d 1108, 1114-15 (D. Colo. 2000)(citations omitted).  In this case, the Defendants' arguments in favor of removal were colorable.  Consequently, the Court finds that an award of attorney's fees and costs under §1447(c) is inappropriate under the circumstances.

    IT IS ORDERED that:

    1. Plaintiffs' Motion for Emergency/Expedited Hearing and/or Ruling on Motion to Remand (Doc. No. 7) is denied;

    2. Plaintiffs' Motion to Remand (Doc. No. 8) is granted;

    3. this lawsuit will be remanded to the First Judicial District, State of New Mexico, County of Rio Arriba; and

    4. Plaintiffs' request for attorney's fees and costs is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE